**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANI EDIJOU,<br><br>               Petitioner,<br><br>     v.<br><br>KRISTI NOEM, et al.,<br><br>               Respondents. | Case No. 5:26-cv-01505-MRA-DTB<br><br>**ORDER GRANTING PETITIONER'S UNOPPOSED APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDERING IMMEDIATE RELEASE FROM CUSTODY [5]** |

Before the Court is Petitioner's unopposed *Ex Parte* Application for a Temporary Restraining Order ("TRO") pending adjudication of his Petition for Writ of Habeas Corpus (the "TRO Application"). ECF 5. Petitioner requests that the Court order his immediate release from custody and bar his removal to a third country absent notice and an opportunity to seek protection before removal. *Id.* at 17. The Court read and considered the moving papers, Respondents' Response, and the reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the TRO Application.

**I.     BACKGROUND**

Petitioner Shani Edijou ("Petitioner") filed a habeas petition on March 27, 2026. ECF 1. The petition alleges as follows:

-1-

Petitioner is a native of Iran who entered the United States in 1993 when he was 10 years old. *Id.* ¶¶ 2, 17. On May 27, 1999, Petitioner was granted withholding of removal by an immigration judge which prevents Petitioner's removal to Iran. *Id.* ¶ 2. In 2013, Petitioner was placed on an Order of Supervision ("OSUP"). *Id.* ¶ 3. Petitioner contends he reported regularly to immigration officials for more than 12 years and has not violated the law or the terms of his supervision. *Id.* Petitioner married his wife, a United States citizen, in 2007, and they have two children who are also United States citizens, ages 13 and 16. *Id.* ¶ 18.

On March 18, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") at the Los Angeles International Airport. *Id.* ¶¶ 21-22. Petitioner intended to fly to Chicago for his father-in-law's funeral. *Id.* ¶ 21. Petitioner has been detained since then and is currently being held at the Adelanto Detention Center. *Id.* ¶ 22. Petitioner's extreme anxiety has worsened significantly since he was placed in custody. *Id.* ¶ 25.

In the instant TRO Application, which was filed on March 28, 2026, Petitioner requests that the Court enjoin Respondents Kristi Noem, former Secretary of the Department of Homeland Security; Todd Lyons, Acting Director of ICE; Pamela Bondi, former United States Attorney General; David Gomez, Director of the ICE San Bernadino Field Office; and Fereti Semaia, Warden of the Adelanto ICE Processing Center (collectively, "Respondents" or the "government") from continuing to detain him. ECF 5 at 17. Petitioner also seeks an order barring Respondents from removing him to a third country absent statutory, regulatory, and constitutional protections. *Id.* On April 1, 2026, the government filed a Response to the TRO Application. ECF 8. The Response stated in its entirety:

> On March 27, 2026, Petitioner filed a Petition for Writ of Habeas Corpus ("Habeas Petition"). On March 28, 2026, Petitioner fled [sic] an *Ex Parte* Application for a Temporary Restraining Order ("TRO") seeking an order requiring Respondents to release him from immigration detention. On March 30, 2026, the Court ordered Respondents to file a response to the TRO.

Respondents are not presenting an opposition argument.

*Id.* at 2 (internal citations omitted).  That same day, Petitioner filed a Reply in support of his TRO Application, asking the Court to grant the requested relief in light of Respondents' non-opposition.  ECF 9.

## II.   **DISCUSSION**

The same standard applies to issuing a TRO or a preliminary injunction under Federal Rule of Civil Procedure 65.  *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis).  Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20).

Given the government's non-opposition to the TRO Application, the Court finds that Petitioner is entitled to immediate release from custody.  An OSUP may be revoked only where "(1) the noncitizen violates the conditions of release; or (2) changed circumstances indicate a 'significant likelihood' that the noncitizen may be removed in the reasonably foreseeable future." *Baniasadi v. Semaia*, No. EDCV 26-01275-MWF (DSR), 2026 WL 851358, *2 (C.D. Cal. March 25, 2026) (citing 8 U.S.C. § 241.13(i)(1-2).  The law provides procedural safeguards regarding the revocation of supervised release as well, including notice of the basis of revocation and opportunity to respond.  *See Palafox v. Semaia*, No. 5:26-cv-1124-AB, 2026 WL 852204, *2 (C.D. Cal. March 19, 2026) (citing 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(3)); *see also Esmail v. Noem*, Case No. CV 25-08325-WLH (RAO), 2025 WL 3030590, at *2 (C.D. Cal. Sept. 12, 2025).

As no opposition was filed, there is no evidence that Petitioner was provided with such process prior to his re-detention.  As courts in this and neighboring districts have frequently held, "failure to follow these regulations renders detention unlawful." *Baniasadi v. Semaia*, 2026 WL 851358 at *2; *see also Esmail*, 2025 WL 3030590, at *6; *Nazarian v. Noem*, Case No. EDCV 25-02694-KK (ADSx), 2025 WL 3236209, at *4–5 (C.D. Cal. Nov. 3, 2025); *Delkash v. Noem*, Case No. EDCV 25-01675-HDV (AGR), 2025 WL 2683988, at *5 (C.D. Cal. Aug. 28, 2025) ("These procedures are not optional or discretionary; they must be followed, and failure to do so renders the detention unlawful."); *Phan v. Noem*, No. 3:25-CV-02422-RBM-MSB, 2025 WL 2898977, at *3 (S.D. Cal. Oct. 10, 2025) ("ICE failed to comply with the required procedures, thereby violating Petitioner's due process rights."); *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *5 (E.D. Cal. July 16, 2025) ("[T]he court concludes that Petitioner has shown a likelihood of success on the merits of his claims that his re-detainment is unlawful because ICE has not complied with the controlling regulations to re-detain him.").  Thus, the Court concludes Petitioner is likely to succeed on the merits of his due process claim.

The government presents no defense or explanation for its actions despite freedom from detention being "the most elemental of liberty interests."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004).  Moreover, the government does not dispute that "[d]eprivation of physical liberty by detention constitutes irreparable harm."  *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) (citing *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017).  As for the final *Winter* factors, the balance of equities and the public interest overwhelmingly weigh in favor of granting the TRO because it obviously would be neither equitable nor in the public interest to allow the government to continue to violate federal law.

Petitioner additionally states that he is being held "for processing to a third country for removal", and argues that such a removal, without prior notice and opportunity to present a fear-based claim would violate his rights under the Fifth Amendment to the United States Constitution.  *See* ECF 1 at 6-7, ECF 5 at 7.  While there is no present

indication that the government is seeking to unlawfully remove Petitioner to a third country, any efforts to remove Petitioner must comport with the applicable statutes and regulations as well as Petitioner's due process rights. *See* 8 U.S.C. § 1231(b)(3)(A); 28 C.F.R. § 200.1; 8 C.F.R. § 208.16-18, 1208.16-18.

The Court exercises its discretion and waives the bond requirement under Rule 65(c), because Respondents have not demonstrated any likelihood of harm if the Court grants the requested TRO or presented any evidence demonstrating that a bond is needed.

## III.   CONCLUSION

For the foregoing reasons, the unopposed TRO Application is **GRANTED** in part and **DENIED** in part.  The Court **ORDERS** as follows:

1.   Petitioner shall be **IMMEDIATELY RELEASED** from custody pursuant to the same terms as his preexisting OSUP without any additional restrictions or conditions, including electronic monitoring;

2.   Respondents are **ENJOINED** from re-detaining Petitioner unless and until he is provided proper due process under the Constitution and immigration laws and regulations necessary for the revocation of an OSUP;

3.   In the event that Respondents re-detain Petitioner, Respondents and their officers, agents, servants, employees, and persons acting on their behalf in concert or in participation with them are **ENJOINED AND RESTRAINED** from removing Petitioner to a third country without first allowing him a meaningful opportunity to be heard on a fear-based claim before an immigration judge in compliance with due process;

4.   Respondents are **ORDERED TO SHOW CAUSE** why a preliminary injunction should not issue. *See* L.R. 65-1.  Respondents shall file any written response to the Order to Show Cause no later than **April 10, 2026.  Failure to file a response will be deemed consent to the issuance of the preliminary injunction.**  Petitioner shall file a reply no later than **April 14, 2026.**  If the parties agree that the TRO should be converted into a preliminary

injunction and/or that dismissal of the habeas petition is warranted because the relief sought is now moot, they shall file a joint stipulation no later than **April 10, 2026**. The Court will order an OSC hearing only if necessary.

This TRO shall take immediate effect and expire within 14 days. The TRO may be extended for good cause or upon Respondents' consent.

**IT IS SO ORDERED.**

Dated: April 3, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE

-6-